**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MARTA GARCIA AND OSCAR GARCIA | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     -vs- | ) CAUSE NO.:  15CV-440-WCL-APR |
| | ) |
| LQ PROPERTIES, INC., d/b/a LA QUINTA INN | ) |
| LAREDO and d/b/a LA QUINTA INNS & | ) |
| SUITES, LQ MANAGEMENT LLC, d/b/a LA | ) |
| QUINTA INN LAREDO and d/b/a LA QUINTA | ) |
| INNS & SUITES, and BRE/LQ PROPERTIES | ) |
| LLC, n/k/a LQ PROPERTIES, LLC/d/b/a LA | ) |
| QUINTA INNS AND SUITES and d/b/a LA | ) |
| QUINTA INN LAREDO | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S FEDERAL RULE OF CIVIL**
**PROCEDURE 12(B)(2) AND 12(B)(3) MOTION TO DISMISS**

Come now Plaintiffs, by counsel, Wanda E. Jones of Jones Law Offices, and

in response to Defendant's pending motion to dismiss respectfully request this Court

overrule and deny same and in support thereof advise this Court as follows:

**I.     FACTS AND PROCEDURAL HISTORY**

On October 24, 2013 Plaintiffs Marta and Oscar Garcia were guests staying at a

LaQuinta property located in Laredo, Texas, hereinafter referred to as the "Hotel".   Mrs.

Garcia suffered severe injuries necessitating surgery as a result of a fall caused by the

negligent acts and omissions of LaQuinta resulting from the lack of grab bars and safety

strips in the bathtub in the bathroom of their hotel room.  (Exhibit 1, Affidavit of Marta

1

Garcia).

Defendants have submitted an affidavit from Steven K. Read wherein Mr. Read avers that the owner of the Hotel is "BRE/LQ TX Properties, LLC n/k/a LQ TX Properties, LLC, whose "…putative ownership structure and citizenship are identical to those of BRE/LQ Properties LLC", one of the named defendants in this lawsuit, (Doc. #1, Exhibit 1, Defendants' Motion to Dismiss).   Upon information and belief both entities addresses are 909 Hidden Ridge Suite 600, Irving, Texas.    Defendants admit, through the Read Affidavit that as of December 31, 2015 there were seventeen (17) LaQuinta branded hotels operating within the state of Indiana.  (Read Affidavit, Para. 6)  One such hotel is the LaQuinta located in Merrillville, Indiana, whose owner is listed as BRE/LQ Properties, LLC, with the same address of 909 Hidden Ridge Suite 600, Irving, Texas.  (Exhibit 2, Lake County Assessor property Information for Parcel Number 45-12-22-426-001.000-030, for real estate located at 8210 Louisiana Street, Merrillville, Indiana.  Shortly after her fall Mrs. Garcia received a letter from Defendants captioned "La Quinta Inns & Suites", from Lisa Wyckoff, with identifying information on the bottom of the letter as "LQ Management LLC, with the same address of 909 Hidden Ridge Suite 600, Irving, Texas, (Exhibit 3, Correspondence from Lisa Wyckoff to Mrs. Martha (sic) Garcia).

Although both LQ Management LLC and LaQuinta Inns & Suites are specifically named in the lawsuit as defendants nowhere does Mr. Read address their affiliation or explain the obvious corresponding addresses or matching logos.  For example, the LaQuinta property in Merrillville, Indiana, has exactly the same logo on it's website as that used on the LaQuinta stationary Mrs. Garcia received, (Exhibit 4, LaQuinta website

2

home page).  Also notable is the fact that the website advertises "vea en espanol" indicating Spanish speaking personnel at the hotel.  A review of the website from the LaQuinta  in Laredo is a mirror image of the Merrillville website with the same logo, "La Quinta Inns & Suites" used in the Wyckoff correspondence, the exact same format, the same "vea en espanol" advertisement, (Exhibit 5, LaQuinta website home page from Laredo LaQuinta).

Service of process was effectuated upon BRE/LQ Properties LLC n/k/a LQ Properties LLC by serving the duly appointed registered agent in Indiana, Corporation Service Company at 251 E. Ohio Street, Suite 500, Indianapolis, Indiana.  Similarly service of process was effectuated upon LQ Properties, Inc. b y serving Corporation Service Company at 251 E. Ohio Street, Suite 500, Indianapolis, Indiana as evidenced by the Summonses, (Exhibit 6) and the Lake County, Indiana on line docket, Exhibit 7, which evidences acceptance of service by certified mail.

Mrs. Garcia sought immediate treatment in Laredo, but thereafter upon her return home to Indiana followed up with numerous treating physicians in Indiana and Chicago, culminating in surgery and physical therapy which continues to the present time.  Mrs. Garcia anticipates that only the local treating physicians will be called to testify, and that she will not need the emergency room personnel in Laredo.  There are no witnesses to the event other than Mrs. Garcia and her husband, and all other witnesses relating to damages are local to this Court.  (Exhibit 1, Affidavit of Marta Garcia)

## II.    PERSONAL JURISDICTION

Personal jurisdiction is determined by the laws of the forum state, in the case of

Indiana's long-arm statute jurisdiction is permissible so long as it's consistent with the Due Process Clause of the Fourteenth Amendment.  Ind. Rule Trial. Pro. 4.4(a), Tamburo v. Dworkin, 601 F.3d 693, 700 (7th Cir. 2010).  Due process necessitates actions by a defendant that "purposefully establish" minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Collazo v. Enterprise Holdings, Inc., 823 F.Supp.2d 865, 868, (N.D. Ind. 2011) citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154 (1945).

General jurisdiction is found when the Defendant has continuous and systematic general business contacts with the forum state.  Collazo, supra, at 868.  In Collazo the Defendant maintained an interactive website wherein customers could make reservations to rent vehicles but the Defendant itself had no offices or employees in Indiana, and was not registered with Indiana's Secretary of State and did not have an agent for service of process in Indiana.  Declining to find general jurisdiction, the Court held that the maintenance of a public internet website, without more, will not establish general jurisdiction.  Collazo, supra, at 869.

Several factors are generally considered when determining if general jurisdiction can be properly exercised over a Defendant, including:

(1) Whether and to what extent the defendant conducts business in the forum state;

(2) Whether the defendant maintains an office or employees within the forum state;

(3) Whether the defendant sends agents into the forum state to conduct business;

(4) Whether the defendant advertises or solicits business in the forum state; and

(5) Whether the defendant has designated an agent for service of process in the forum state.

Elayyan v. Sol Melia, SA, 571 F.Supp.2d 886 (N.D. Ind. 2008)

It is admitted by Defendants that LaQuinta operates seventeen hotels within the State of Indiana.  It is also undisputed that LaQuinta maintains offices and employees within Indiana, and that LaQuinta regularly conducts business within the State of Indiana by virtue of the seventeen hotels operated within the State of Indiana, which is exemplified by the Merrillville LaQuinta Inn.  Upon information and belief LaQuinta regularly advertises in the Chicagoland/Northwest Indiana television market, as well as print media.  LaQuinta has also designated an agent for service of process in Indiana, specifically CT Services, which accepted service for BRE/LQ Properties LLC n/k/a LQ Properties, LLC as well as LQ Properties, LLC.  While anyone of these factors standing alone may not be sufficient to confer general jurisdiction the combination of factors provides this Court with ample reason to find that general jurisdiction exists over the Defendants, and that this Court has jurisdiction over this case.

Neither the Collazo case nor the Elayyan case contain a fact pattern with so as many factors mitigating in favor of jurisdiction as does the case at bar.  A recent case in the Central District of California relates to a hotel chain similar to LaQuinta in that it is also a foreign corporation, nation-wide chain, with a principal place of business located outside the forum state.  In Black v. The Ritz-Carlton Hotel Company, 977 F.Supp.2d

996 (C.D. California 2013), Aff'd. 2016 WL 453951, the Ritz-Carlton, a Delaware corporation with a principal place of business in Maryland, maintained and operated several hotels in California while the plaintiff was actually injured in a hotel branded Ritz-Carlton in Dubai, Saudi Arabia.  (Black, supra, at 1001 to 1003)  The Court held that when a defendant's contacts with the forum state are "continuous and systematic" that general personal jurisdiction is appropriate so that maintaining and operating several hotels in California qualified as "continuous and systematic" contact with the forum state, therefore general personal jurisdiction was established. (Black, supra, at 1007)

Plaintiffs have therefore carried their burden of showing that LaQuinta's activities within the State of Indiana confer general jurisdiction over LaQuinta so that this Court maintains jurisdiction.  LaQuinta operates seventeen hotels within the State of Indiana which are operated under the name "La Quinta Inns & Suites", as is the LaQuinta in Laredo where Mrs. Garcia was injured.  LaQuinta's various inter-connected entities share a common address in Irving, Texas, and operate under the same LaQuinta umbrella.  LaQuinta operates a website which reaches residents of the State of Indiana, and advertises to Indiana residents the hotel services of LaQuinta.  LaQuinta accepted service in Indiana through CT Systems, Inc. in Indianapolis.  Accordingly, Plaintiffs respectfully request that this Court determine that Defendants are subject to general personal jurisdiction.[1]

## III.    VENUE IS PROPER IN THE NORTHERN DISTRICT OF INDIANA

28 U.S.C. 1391 permits the bringing of a civil action in the judicial district in which

---

[1] Plaintiffs do not contest that Defendants are not subject to specific personal jurisdiction under the facts at bar.

any defendant resides, which is further defined by 28 U.S.C. Sec. 1391(c)(2) which defines the term "resides" to mean that "(f)or all venue purposes … an entity … whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."  Plaintiffs have proven that in fact Defendants are subject to personal jurisdiction here in Indiana, as set forth above, therefore venue is proper in Indiana.

Plaintiffs further take issue with the conclusory statement in the Read Affidavit that "… with the exception of Mrs. Garcia the vast majority of witnesses, related documents, and evidence would be located in Texas.  To the contrary, the only witnesses to the event are the Garcias, the only documentary evidence is likely to be the photographs of the hotel room, and the remainder of the documentary evidence and witnesses will be medical related, with the exception of damage witnesses such as family and friends, all of whom are in the NW Indiana and/or Chicagoland area, as set forth more fully in the Affidavit of Mrs. Garcia, Exhibit 1.

## IV. PLAINTIFFS REQUEST THAT IN THE EVENT THE COURT GRANTS DEFENDANTS' MOTION TO DISMISS THAT THIS MATTER BE TRANSFERRED TO THE DISTRICT COURT IN TEXAS

Plaintiffs filed their case in good faith in Lake County, Indiana, believing that personal jurisdiction existed over the Defendants.  However, should this Court determine otherwise, the Court has the power to transfer the case to an appropriate venue pursuant to 28 U.S.C. Sec. 1406(a) notwithstanding that it has no personal jurisdiction over the Defendants. Collazo, supra, at 874.  Courts look at a request for transfer in the interests of justice, whether the transferee forum is convenient to the

parties and witness as well as what impact transfer has on the efficient administration of the court system.  Collazo, supra, at 874.

Just as in the Collazo case where transfer was granted, given that the Garcias claim would likely be time-barred if the case is dismissed, there is a compelling reason why the interests of justice favor transfer rather than dismissal.  Collazo, supra, at 874 citing Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999).  Plaintiffs' theory of personal jurisdiction is well grounded given the fact that LaQuinta has a very obvious presence in the State of Indiana, that there is an apparent commonality between the operation and management of the Indiana hotels such as the exemplar in Merrillville, Indiana and the hotel in Laredo, and that there are common addresses used by all involved entities as well as commonality of and standardization of design.

## V.    CONCLUSION

Wherefore, for the above-captioned reasons the undersigned respectfully requests this Court overrule and deny the Defendants' motion to dismiss in its entirety, and for all other just and appropriate relief in the premises.

Respectfully submitted,

/s/ Wanda E. Jones
Wanda E. Jones
Attorney for Plaintiffs
JONES LAW OFFICES
110 North Broad Street
Griffith, IN  46319
(219) 844-8888
wej@indianajoneslaw.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2016, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system
James M. Hinshaw – jhinshaw@bgdlegal.com
Joshua J. Burress – jburress@bgdlegal.com

*/s/ Wanda E. Jones*
Wanda E. Jones
Attorney for Plaintiffs
JONES LAW OFFICES