UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MARTA GARCIA and OSCAR GARCIA, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No.: 2:15-CV-440 |
| | ) | |
| LQ PROPERTIES, INC., d/b/a LA QUINTA INN LAREDO and d/b/a LA QUINTA INNS & SUITES, LQ MANAGEMENT, LLC, d/b/a LA QUINTA INNS & SUITES, and BRE/LQ PROPERTIES, LLC, n/k/a LQ PROPERTIES, LLC, d/b/a LA QUINTA INNS AND SUITES and d/b/a LA QUINTA INN LAREDO, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on the motion to dismiss or, alternatively, to transfer filed by the Defendants (collectively referred to as "the LaQuinta Defendants") (ECF at 12). Plaintiffs Marta Garcia and Oscar Garcia filed a response in opposition to the motion (ECF at 19) and Defendants filed a reply brief (ECF at 21). For the reasons discussed below, this case is TRANSFERRED to the U.S. District Court for the Northern District of Texas for further proceedings and the motion to dismiss is MOOT. The Clerk of the Court is instructed to transfer this case to the Northern District of Texas.

## BACKGROUND

On October 24, 2013, the Garcias were guests staying at the LaQuinta Inn in Laredo, Texas. During the stay, Marta Garcia slipped and fell in the bathtub of the Garcias' room. Mrs. Garcia suffered injuries as a result of the fall, which was witnessed only by her husband, Oscar. Immediately after her fall, Mrs. Garcia sought treatment at a local emergency room in Laredo,

Texas. After returning home to Indiana, Mrs. Garcia had surgery and requires continuing physical therapy. With the exception of the emergency room visit in Texas, all of Mrs. Garcia's medical procedures and treatments took place in Indiana and Chicago.

In October 2015, the Garcias filed their Complaint (ECF at 6) in Indiana's Lake County Superior Court, alleging negligence and seeking damages from the LaQuinta Defendants for Mrs. Garcia's injuries. The Garcias named three LaQuinta related entities as defendants. The first defendant, LQ Properties, Inc., does not exist. Defendants' Memorandum in Support of Motion to Dismiss, Affidavit of Steven K. Read (ECF at 13-1), ¶ 7. The second defendant, BRE/LQ Properties, is a limited liability company incorporated in Delaware and has a principal place of business in Texas. *Id*. The third defendant, LQ Management, is also a limited liability company incorporated in Delaware with a principal place of business in Texas. *Id*. Both BRE/LQ Properties and LQ Management are indirect subsidiaries of La Quinta Holdings, Inc. *Id*. The LaQuinta Inn Laredo, where Mrs. Garcia was injured, is also an indirect subsidiary of La Quinta Holdings, Inc. *Id*.

The LaQuinta Defendants removed this action to this court on the basis of diversity jurisdiction. Notice of Removal (ECF at 1). The Defendants now move to dismiss the Garcias' Complaint claiming lack of personal jurisdiction and improper venue. Motion to Dismiss, p. 1.[1] In the alternative, the Defendants argue that this action should be transferred to the U.S. District Court for the Northern District of Texas. *Id*. The court agrees that it lacks personal jurisdiction over the LaQuinta defendants. But the court also finds that the interests of justice are best met not by dismissing this action, but by transferring it to a sister court in Texas. In fact, while the

---
[1] Because the personal jurisdiction issue is dispositive, the court need not address the parties' venue arguments.

Garcias oppose the motion to dismiss, they are agreeable–albeit perhaps reluctantly–to the transfer of this case to the Northern District of Texas in lieu of dismissal. *See* Plaintiffs' Response, pp. 7-8 ("[G]iven that the Garcias' claim would likely be time-barred if the case is dismissed, there is a compelling reason why the interests of justice favor transfer rather than dismissal.").

## STANDARD OF REVIEW

The LaQuinta Defendants bring their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), which requires dismissal of a claim if personal jurisdiction is lacking. The plaintiff "bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Where the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). The plaintiff may make a *prima facie* showing of jurisdiction by demonstrating, via affidavits or other written materials, facts that, if true, would be sufficient to establish jurisdiction over the nonresident defendant. *Saratoga Potato Chips Co. v. Classic Foods, Inc.*, 2015 WL 1778786, at *2 (N.D. Ind. Apr. 20, 2015). In determining whether the plaintiff has met the *prima facie* standard, the court resolves any disputed relevant facts in favor of the plaintiff. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423–24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to the exercise of jurisdiction, however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 782–83.

## DISCUSSION

The LaQuinta Defendants summarize their jurisdictional argument as follows:

> This is a premise liability lawsuit that should never have been brought in Indiana. . . . [T]his Court does not have personal jurisdiction over any of the LaQuinta Defendants. The only *actual* connection to Indiana is that the Garcias reside here. . . . [N]one of the Defendants can be said to be "at home" in Indiana and *general* personal jurisdiction is thus lacking. Further, because the alleged negligence would have occurred in Laredo, Texas[,] at the hotel there, none of the suit-related conduct that is the subject of the Garcia's Complaint forms any substantial connection to Indiana and *specific* personal jurisdiction is thus lacking, as well. The case law is clear that the Garcias' residency in Indiana is not alone sufficient for an Indiana court to exert personal jurisdiction over the LaQuinta Defendants.

Defendants' Brief in Support of Motion to Dismiss, pp. 1-2 (italics in original).

The Garcias do not argue that specific jurisdiction applies, *see* Plaintiff's Response, p. 6, n. 1 ("Plaintiffs do not contest that Defendants are not subject to specific personal jurisdiction under the facts at bar."), but they do argue (rather timidly) that general personal jurisdiction exists. This is so, say the Garcias, based on the following factors: 1) LaQuinta operates 17 hotels in Indiana;[2] 2) LaQuinta has offices and employees in Indiana and so "regularly conducts business" in the state; 3) LaQuinta "regularly advertises in the Chicagoland/Northwest Indiana" market; and 4) LaQuinta "has also designated an agent for service of process in Indiana." Plaintiffs' Response, p. 5. The Garcias also say there are similarities between the Merrillville, Indiana, LaQuinta hotel and the Laredo, Texas, LaQuinta hotel–including the company structures, corporate address, similar websites, logos, and stationary.[3] None of these factors,

---

[2] LaQuinta is a national hotel chain that operates 876 hotels in 47 states and operated 17 hotels in Indiana as of December 31, 2015. Read Aff. ¶ 6.

[3] Both the Merrillville, Indiana, LaQuinta hotel and the Laredo, Texas, LaQuinta hotel are indirect subsidiaries of LaQuinta Holdings, Inc. and have a corporate address of 909 Hidden Ridge, Suite 600, Irving, Texas. Read Aff. ¶ 7.

however, provide the requisite connection between the business activities of LaQuinta hotels in Indiana and the circumstances that may have caused the alleged injury in Texas.

A federal district court exercising diversity jurisdiction has personal jurisdiction over a nonresident defendant only if a court of the state in which it sits would have such jurisdiction. *Purdue*, 338 F.3d at 779. The court must examine whether the forum state's long-arm statute reaches the defendant and whether the exercise of jurisdiction over the defendant would violate federal due process. *Id*. Indiana's long-arm statute, Trial Rule 4.4(A), provides in pertinent part that an Indiana court "may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Ind.Tr.R. 4.4. Thus, Indiana courts determine their personal jurisdiction over nonresident defendants by applying the long-arm statute which extends personal jurisdiction to the limits allowed under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See LinkAmerica Corp. v. Cox*, 857 N.E.2d 961, 967 (Ind. 2006). Personal jurisdiction can be either general (when the defendant has continuous and systemic general business contacts with the forum state) or specific (when the alleged injury arises out of the defendant's forum state related activities). *uBID, Inc.*, 623 F.3d at 425–426.

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v . Brown*, 131 S. Ct. 2846, 2851 (2011) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). *Goodyear* made clear that only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction there.

*Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). "As *International Shoe* teaches, a corporation's 'continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Daimler*, 134 S. Ct. at 757 (citing *International Shoe*, 326 U.S. at 318). The Seventh Circuit has explained that "these contacts must be so extensive to be tantamount to [the nonresident defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an Indiana court." *Purdue*, 338 F.3d at 787.

A corporation is "essentially at home" both where it is incorporated and where its principal place of business is located. *Goodyear*, 131 S. Ct. at 2853–54; *Daimler*, 134 S. Ct. at 751. A corporation's principal place of business and its state of incorporation are paradigm bases for determining whether a court may exercise general jurisdiction. *Daimler*, 134 S. Ct. at 760. This standard is stringent "because the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong, committed in any place, no matter how unrelated to the defendant's contacts with the forum." *uBID*, 623 F.3d at 426. "Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'" *Daimler*, 134 S. Ct. at 760‑62 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

The inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," it is whether that corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler*, 134 S. Ct. at 761 (citing *Goodyear*, 564 U.S. at 919). The mere

6

presence of multiple LaQuinta hotels in Indiana is insufficient to render the LaQuinta Defendants "essentially at home" in this state. *See Daimler*, 134 S. Ct. at 762 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."). Under such an approach, LaQuinta could be said to be "at home," for purposes of personal jurisdiction, in the 47 states where LaQuinta hotels operate. This approach is counterintuitive to *Daimler*.

*International Shoe* speaks of "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit . . . *on causes of action arising from dealings entirely distinct from those activities*." 326 U.S. at 318 (emphasis added). But in this case, the Garcias, both Indiana residents, sued LaQuinta on a claim that neither arose in Indiana nor related to the LaQuinta Defendants' activities in the State. Again, a corporation's "continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Daimler*, 134 S. Ct. at 757 (citing *International Shoe*, 326 U.S. at 318). The Garcias have failed to show that their claims, which arose in Texas, have any substantial connection (or any connection at all, really) to the LaQuinta Defendants' activity in Indiana. Thus, the court holds that the Garcias have not carried their burden to show that LaQuinta is subject to general personal jurisdiction in Indiana.

As stated above, both the Garcias and LaQuinta have requested that the court transfer this case to the U.S. District Court for the Northern District of Texas, pursuant to 28 U.S.C. § 1406(a), if the court finds a lack of personal jurisdiction. Motion to Dismiss, p. 1; Plaintiffs' Response, pp. 7-8. Under 28 U.S.C. § 1406(a), a district court may "transfer a case brought in the wrong division or district" to a district where it might have been originally brought if it is "in the interest of justice." A court has the power to transfer a case to an appropriate venue pursuant to

28 U.S.C. § 1406(a), notwithstanding that it has no personal jurisdiction over the defendants. *See Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989) ("[P]ersonal jurisdiction over the defendant is not a prerequisite for district courts to utilize the transfer provision in § 1406(a).") (citations omitted). "A compelling reason for transfer is that the plaintiff . . . will be time-barred if his case is dismissed and thus has to be filed anew in the right court." *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999). Here, the court has determined that it lacks personal jurisdiction over the LaQuinta Defendants. Given that the Garcias' claims would likely be time-barred if the case is dismissed (and because no purpose is served by forcing the Garcias to file a new complaint and incur a new filing fee), the court finds it is in the interests of justice to transfer this matter to an appropriate district rather than dismiss the case.

## CONCLUSION

For the reasons set forth above, this case is TRANSFERRED to the Northern District of Texas for further proceedings and the motion to dismiss (ECF at 12) is MOOT. The Clerk of the Court is instructed to transfer this case to the U.S. District Court for the Northern District of Texas.

Date: June 20, 2016.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana